Good morning. May it please the court, my name is Lila Silverstein and I represent Jacob Bowman. The issue certified for appeal in this case is whether the district court lacked jurisdiction under the Rooker-Feldman doctrine. And the answer is no. Rooker-Feldman is an extremely narrow doctrine that simply recognizes there must be some statutory basis for jurisdiction. But there is a statutory basis for federal court jurisdiction over habeas claims, namely sections 2254 and 2241. And because of those statutes, this court has firmly held that Rooker-Feldman does not touch the writ of habeas clausus. Okay, let's assume that Rooker-Feldman doesn't bar. You've got a time witness problem. That is to say, between the time of a final decision on direct appeal in the Washington state courts and the initial filing for post-conviction review in the Washington courts, more than a year elapsed. Why is that not in itself fatal to your client? Well, your honor, because Mr. Bowman submits that subsection D applies rather than subsection A because the factual predicate of his claim is the disparate treatment that occurs in Washington, the way Washington disparately treats people in Mr. Bowman's position, i.e. people convicted of shooting, relative to people in Mr. Anders' position, i.e. people convicted of felony murder by assault. And that disparate treatment did not occur until the Washington Supreme Court dismissed Mr. Bowman's PRP in November of 2007. And so Mr. Bowman filed his habeas petition in May of 2008, which is obviously less than a year following the factual predicate of his claim. So his claim simply did not accrue until November of 2007. And that is why subsection D applies rather than subsection A. Now, in the alternative, if the decision in Andris forms the factual predicate of the claim, or if subsection A applies rather than subsection D, then we would ask that it runs under subsection D, limitation period runs from the latest of the date in which the factual predicate of the claim or claims presented could have been discovered. Facts usually mean facts rather than legal decisions. And what he's got is he's got a legal decision that gives him an argument that was not available to him, at least in as favorable form as it now has become available to him. Why is that a fact within the meaning of subsection D? Well, it's a subtle distinction, Your Honor. You know, the fact is the disparate treatment, okay? And that is a matter of fact. There is, you know, the legal argument would be that because of that disparate treatment, my equal protection rights are violated. And then you get into, you know, whether the two groups are similarly situated and whether there's a compelling reason for treating them differently and so on. But the fact of disparate treatment is a fact. Washington treats people in these two groups differently, and it did not do that until November of 2007. And so that's the factual basis for the claim. Yeah, but I'm having trouble with that one because fact, so it's so obvious that fact means at its core something that happened with respect to this crime. Or we've now discovered some information that the prosecutor should have handed over but did not. And so now we know this fact. But your quote fact is we've got a new legal decision from the Washington court that gives us a new legal argument. Well, it's a decision that creates a new fact. And in that sense, it is similar to Johnson and to Red and to Shelby. And of course, none of those cases involve the classic newly discovered evidence arguments, which is, you know, the kind of argument that you were just citing. So we do think that we're like Red and Johnson and Shelby in that regard. And, you know, the primary problem is that Mr. Bowman simply could not have made this claim any earlier. It just didn't exist. It's not that the legal argument didn't exist. It's that the basis for the argument, the fact that creates the alleged violation, did not exist until the Washington Supreme Court denied his petition. So he did everything as soon as he could. He filed his state court collateral attack as soon as that claim became available, and then filed his federal habeas petition as soon as that claim became available. And he was dismissed with his post-conviction petition by the Washington court because? Because they held that the rule in Andrus does not apply to people in his position. So in other words, they had previously held in Andrus that there was no such thing as felony murder by assault. And Mr. Bowman said, well, drive-by shooting is a form of assault, and therefore the rule from Andrus should apply to me. The Washington Supreme Court said, no, it doesn't. It only applies to pure assault and not to drive-by shooting. And so they then dismissed his PRP on that ground, Your Honor. And Mr. Bowman alleges that that decision violates his right not only to equal protection, but to due process and actually his right to freedom from ex post facto laws because of the way the court framed its opinion in the last couple of paragraphs. But again, none of that could have been raised any earlier because the Washington Supreme Court did not engage in the disparate treatment earlier. It certainly didn't make the alleged ex post facto violation any earlier because this was in November of 2007 was the first time it referenced the legislative amendment that basis for the ex post facto challenge. You know, I should have this right at my fingertips, but I do not. Could you point me very quickly to the decision by the Washington court dismissing his PRP? I'm done. I'm going to read that. Oh, it's in the excerpts of record at page 10 at 10. Yes. You know, here's my reason for wanting to do that, because I remember this but I couldn't. You describe it accurately. The court says, listen, your claim doesn't apply, but then it dismisses it saying, and therefore it was not timely. Correct. What's the rule with respect to whether you get tolling from your 2254 statute of limitations if you underpace, it doesn't matter. I mean, you don't get to toll it. That's where I'm headed with that one, yeah. Well, right, and that's why we're not arguing that, although our third alternative argument is that, but the primary argument is not that his state court PRP told the statute of limitations. It's that the claim didn't exist until this decision, so no tolling is required. I see, this decision is, in your view, the starting point. The factual predicate. Exactly, exactly, exactly, you know, and as I said, our alternative argument is that Andrus forms the factual predicate for the claim, in which case there would have to be some tolling, and some of that time would be taken up by, I guess I would call it Harris tolling, and then the rest would just be pure equitable tolling, and our position is that equitable tolling, if necessary, should apply to a person like Mr. Bowman, because, you know, he's not one of these vexatious litigants who floods the courts with frivolous filings. He did file one state court PRP and one federal court habeas petition as soon as those claims became available, so he is the type of that subsection D does not apply. Okay, let's hear from the state, and then we'll give you a chance. May it please the court, I'm John Sampson, Assistant Attorney General, representing the respondent. The district court, in this case, did dismiss the petition correctly, as untimely under the federal statute of limitations, because the petition was filed several years after the state court conviction became final. Addressing the claim, or the argument, that the state court decision denying the personal restraint petition was a factual predicate of the claim, and that the relevant statute is therefore section D, that is not a factual predicate, it's a legal opinion. As this court noted in Shannon v. Newland, and as the Seventh Circuit noted in two cases that are cited in the state's brief, Lowe v. Endicott and Daniels v. Uttman, the state court decision is simply a procedural hurdle that the petitioner must go through in order to get to federal court. He must properly exhaust his claims by presenting them to the state court. When the state's Supreme Court denies relief, that's a legal opinion, it's not a factual predicate. In the case of Johnson, the U.S. Supreme Court said it can be a factual predicate in unique circumstances where the state court actually grants relief, vacates the state court conviction, and that state court conviction was an element of a federal sentence. In that narrow situation, the state court's decision vacating the conviction becomes a federal, or I'm sorry, a factual predicate to the challenge to the federal sentence. That's not what occurred in this case. What occurred in this case is what occurred in Shannon, and what occurred in Lowe, and what occurred in Daniels. It was merely a legal decision by the state court. And if petitioner's argument was to be accepted, that would mean that every petitioner could simply argue, well I'm not challenging my conviction, I'm not challenging the judgment in which I'm in custody under, I'm challenging the state court's denial of relief in the collateral challenge. And because my federal petition is timely. Petitioner argues that they're entitled to equitable tolling under a couple of bases. First is the fact that under this court's decision in Harris, the application of Pace should be excused because he didn't know until the Supreme Court denied his petition that it would be untimely and wouldn't toll. But Pace came out in 2005. The state court of appeals said his petition was untimely in 2006. Then two years later, he files his federal petition. So instead of realizing when Pace came out in 2005 and when the state court of appeals said your petition is untimely in 2006, instead of filing his federal petition at that time, he waited another two years. He doesn't show a basis under Harris for equitable tolling for that two-year period of until the state Supreme Court rendered its decision that he would have this claim. Again, the basis of the federal habeas corpus relief is to relieve him from unlawful or unconstitutional custody. His custody doesn't arise as a result of the state court decision. It arises as a result of the judgment and sentence that was entered in 1998 that became final for purposes of federal law in 2000. And I believe I addressed all the issues that were presently raised. Unless the court has additional questions, I would simply ask that this court affirm the dismissal of the petition and its special limitations. I see no further questions. Thank you. Thank you, Your Honor. Would you like a minute? Thank you. We would submit that Shannon V. Newland is not on point because in that case, the factual predicate was the erroneous jury instruction that existed at the time of trial, whereas here the factual predicate did not exist until much later. We also acknowledge that Harris on its face would only take Mr. Bowman through April of 2005 under that theory. But we would argue that an evidentiary hearing would be necessary to determine when Mr. Bowman learned of and how much time he spent in segregation and so forth. So for those reasons, we ask the court to reverse and remand either for an evidentiary hearing or for consideration of the petition on its merits. Okay. Thank you very much. Nice argument. Bowman v. Milliard, the last case in argument calendar is now submitted.
judges: Alarcon, Fletcher W. , Rawlinson